1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SHANNON L. ANDERSON;
JONATHAN C. ANDERSON,

                                    Plaintiffs,

        v.

U.S. BANK, NATIONAL
ASSOCIATION, as Trustee for the
Lehman Mortgage Trust Mortgage
Pass Through Certificates, Series
2005-1; DOES 1 THROUGH 10,
inclusive,

                                    Defendants.

CASE NO. 12cv2743 - IEG (NLS)

**ORDER:**

**(1) GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS [Doc. No. 3]; and**

**(2) REMANDING STATE LAW
CLAIMS.**

        Presently before the Court is the motion of Defendant U.S. Bank, National
Association ("Defendant") to dismiss the complaint of Plaintiffs Shannon L.
Anderson and Jonathan C. Anderson (collectively "Plaintiffs") for failure to state a
claim. [Doc. No. 3, Def.'s Mot.] For the following reasons, the Court **GRANTS** in
part Defendant's motion to dismiss and **REMANDS** Plaintiffs' state law claims.

## BACKGROUND

        This case concerns a July 7, 2005 mortgage loan to Plaintiffs. [Doc. No. 1,
Compl. ¶ 23.] On November 11, 2012, Plaintiffs filed a complaint against
Defendant asserting six causes of action: (1) declaratory relief under 28 U.S.C. §§
2201, 2202; (2) negligence; (3) quasi contract; (4) violation of 15 U.S.C. § 1692, *et*

1   *seq.*; (5) violation of California Business and Professions Code § 17200, *et seq.*; and

2   (6) accounting.  [Doc. No. 1, Compl.]  Plaintiffs' claims are based on their

3   allegations that Defendant has no right, title, or interest in the promissory note

4   ("Note") or mortgage.  [Id. ¶ 41.]  Defendant subsequently filed the present motion

5   to dismiss.  [Doc. No. 3, Def.'s Mot.]

6                                      **DISCUSSION**

7   **I.    Motion to Dismiss**

8       A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9   Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R.

10  Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court

11  must accept all factual allegations pleaded in the complaint as true, and must

12  construe them and draw all reasonable inferences from them in favor of the

13  nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th

14  Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain

15  detailed factual allegations, rather, it must plead "enough facts to state a claim to

16  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

17  (2007).  A claim has "facial plausibility when the plaintiff pleads factual content

18  that allows the court to draw the reasonable inference that the defendant is liable for

19  the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

20  Twombly, 550 U.S. at 556).

21      However, "a plaintiff's obligation to provide the 'grounds' of his

22  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

23  recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at

24  555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original).

25  A court need not accept "legal conclusions" as true.  Iqbal, 556 U.S. at 678.  In spite

26  of the deference the court is bound to pay to the plaintiff's allegations, it is not

27  proper for the court to assume that "the [plaintiff] can prove facts that [he or she]

28  has not alleged or that defendants have violated the . . . laws in ways that have not

been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 678).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts.  <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).  Further, a court generally may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion.  However, a court "may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute."  <u>Skilstaf, Inc. v. CVS Caremark Corp.</u>, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).[1]  The Court will first address Plaintiffs' first cause of action for declaratory relief and fourth cause of action for violation of 15 U.S.C. § 1692, *et seq.*, which supply federal question jurisdiction.

### A.      First Cause of Action:  Declaratory Relief

Plaintiffs seek declaratory relief to "determine the status of Defendant's claims."  [Doc. No. 1, <u>Compl.</u> at 23.]  More specifically, "Plaintiffs requests [sic] the Court make a finding and issue appropriate orders stating the named Defendant an [sic] none of the Doe Defendants, have any right or interest in Plaintiffs' Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiffs' mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever."  [<u>Id.</u> ¶ 77.]

"Declaratory relief is appropriate:  (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  <u>Guerra v. Sutton</u>, 783 F.2d 1371, 1376 (9th Cir. 1986).

---

[1] Because the Court resolves this motion to dismiss without consulting the documents for which judicial notice is sought, the Court declines to address the request for judicial notice.  [Doc. No. 3-2, <u>Request for Judicial Notice.</u>]

1  "While the existence of another adequate remedy does not preclude a declaratory

2  judgment that is otherwise appropriate, the availability of other adequate remedies

3  may make declaratory relief inappropriate." Fimbres v. Chapel Mortg. Corp., 2009

4  WL 4163332, at *5 (S.D. Cal. Nov. 20, 2009) (internal quotations and citations

5  omitted).  A federal court may decline to address a declaratory relief claim "[w]here

6  the substantive suit would resolve the issues raised by the declaratory judgment

7  action, . . . because the controversy has 'ripened' and the uncertainty and

8  anticipation of litigation are alleviated." Tina v. Countrywide Home Loans, Inc.,

9  2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008) (quoting Tempco Elec. Heater

10  Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987)).

11       In the present case, the Complaint does not suggest that declaratory relief

12  would entitle Plaintiffs to relief beyond what is requested in their substantive

13  claims.  Furthermore, the Complaint does not suggest that the substantive suit

14  would not resolve the issues raised by the claim for declaratory relief.  For example,

15  Plaintiffs' fifth cause of action for violation of Business and Professions Code §

16  17200, et seq. requests that Defendant be enjoined from undertaking certain actions,

17  including accepting payments.  [Doc. No. 1, Compl. ¶¶ 104, 110.]  Plaintiffs also

18  request an order that any Defendants claiming an interest in the Property "take any

19  and all actions necessary to remove the cloud they have placed upon [the] title and

20  an order enjoining such Defendants from taking such action in the future." [Id. ¶

21  112.]  Plaintiffs' third and sixth causes of action for quasi contract and an

22  accounting, respectively, request that any money paid to Defendant be returned

23  because no money was owed to Defendant.  [Id. ¶¶ 91, 94, 116.]  These claims

24  necessarily require a determination whether Defendant has any rights or interest

25  related to the Note, Deed of Trust, and subject property.  [Id. ¶¶ 90-92, 115-116.]

26       Accordingly, declaratory relief is inappropriate, and the Court **GRANTS**

27  Defendant's motion to dismiss with prejudice as to Plaintiff's claim for declaratory

28  relief.

12cv2743

**B.     Fourth Cause of Action:  Violation of 15 U.S.C. § 1692, *et seq.***

Plaintiffs contend that Defendant violated 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA) by, inter alia, "[f]alsely represent[ing] the status of the debt, in particular, that it was due and owing to Defendant [U.S. Bank] at the time the suit was filed" and "[f]alsely representing or implied [sic] that the debt was owing to Defendant [U.S. Bank] as an innocent purchaser for value, when in fact, such an assignment had not been accomplished" in their attempts to collect on the Note.  [Doc. No. 1, <u>Compl.</u> ¶ 97.]  Plaintiffs allege that Defendant is the "purported assignee" of the debt.  [<u>Id.</u>]

The FDCPA "generally prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices in collecting debts.'"  <u>Klohs v. Wells Fargo Bank, N.A.</u>, 2012 WL 4758126 (D. Haw. Oct. 4, 2012) (citing <u>Heintz v. Jenkins</u>, 514 U.S. 291, 292 (1995)).  Thus, a defendant must be a "debt collector" within the meaning of the FDCPA to be liable for its violation.  <u>Heintz</u>, 514 U.S. at 294.  The term "debt collector" is defined as:  "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Courts have found that a defendant is not a "debt collector" within the meaning of the FDCPA when the plaintiff does not adequately allege that the defendant was "(1) a person whose principal business is the collection of debts (whether on behalf of himself or others); or (2) a person who regularly collects debts on behalf of others (whether or not it is the principal purpose of his business."  <u>Derusseau v. Bank of America, N.A.</u>, 2011 WL 5975821, at *6 (S.D. Cal. Nov. 29, 2011) (quoting <u>Izenburg v. ETS Servs.</u>, 589 F.Supp.2d 1193, 1999 (C.D. Cal. 2008) (internal quotation marks removed)).

Further, many courts have found that mortgagees, their beneficiaries, and their assignees are not "debt collectors" under the FDCPA.  See, e.g., Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); Wise v. Wells Fargo Bank, N.A., 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012) (excluding creditors collecting their own consumer debts, mortgage loan beneficiaries, and servicing companies from definition of "debt collector"); Karl v. Quality Loan Serv. Corp., 759 F.Supp.2d 1240, 1247-48 (D. Nev. 2010) (stating that mortgagees and their beneficiaries, including mortgage servicing companies, are not "debt collectors" within the meaning of the FDCPA); Diessner v. Mortg. Elec. Registration Sys., 618 F.Supp.2d 1184, 1188 (D. Ariz. 2009) (finding that mortgagees and their assignees are not "debt collectors" under the FDCPA).

Here, the Court finds that Plaintiffs have not alleged facts sufficient to show that Defendant is a debt collector within the meaning of the FDCPA.  Plaintiff even states that Defendant is a purported assignee of the debt [Doc. No. 1, ¶ 97], which does not fall under the FDCPA's definition of "debt collector."  See, e.g., Perry, 756 F.2d at 1208; Diessner, 618 F.Supp.2d at 1188.  Further, both Plaintiffs and Defendant agree that the loan is not in default.  See Perry, 756 F.2d at 1208.  [Doc. No. 4, Pl.'s Opp. at 11-12; Doc. No. 3-1, Def.'s Mot. at 22.]  Therefore, the Court **GRANTS** Defendant's motion as to Plaintiffs' fourth cause of action and **DISMISSES** it with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

12cv2743

**C.    Supplemental Jurisdiction over State Law Claims**

With Plaintiffs' claims supplying federal jurisdiction dismissed, only state law claims remain.  The Court has supplemental jurisdiction over these claims. Under 28 U.S.C. § 1367(c)(3), however, the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction."  A district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is "purely discretionary."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 636, 639 (2009); accord Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011).  In exercising its discretion, the court may look to a host of factors, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  In the usual case, where federal claims are dismissed before trial, "the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims."  Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (internal quotation omitted); accord Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992) (per curiam); Scholar v. Pacific Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992).

In this case, looking at the balance of factors—including the fact that this case is still in its infancy and that the present motions are the only motions that have been filed to date—the Court believes it is more appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims and to remand those claims to state court.  See Lacey, 649 F.3d at 1137; Gini, 40 F.3d at 1064. Accordingly, the Court **REMANDS** Plaintiffs' remaining state law claims.

**CONCLUSION**

For the reasons above, the Court **GRANTS** in part Defendants' motion to

12cv2743

dismiss and **DISMISSES WITH PREJUDICE** Plaintiffs' first cause of action for declaratory relief and fourth cause of action for violation of 15 U.S.C. § 1692 *et seq.* The Court **REMANDS** to the San Diego Superior Court Plaintiffs' second, third, fifth, and sixth causes of action.

**IT IS SO ORDERED.**

**DATED:**  April 15, 2013

**IRMA E. GONZALEZ**
**United States District Judge**